UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 20 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| VIRGINIA B. HOWERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:03-01653 (RJL) |
| ) | |
| CHARLES OGLETREE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(December 19, 2006) [#17, #18]

Plaintiff, Virginia Howerton, proceeding *pro se*, filed the instant action against defendant, Charles Ogletree, Chairman of the Board of Trustees of the University of the District of Columbia ("UDC"), alleging that the University wrongfully terminated her from her position as Project Director of the Dislocated Workers Program. (Compl. ¶ 1.) Plaintiff claims that Roland Holstead, former Dean of the Community Outreach and Extension Services, misappropriated funds, and, instead of correcting the problem, terminated plaintiff. (*Id.*) Plaintiff seeks reinstatement to her former or similar position and compensation for lost wages and emotional, financial, and professional harm. (*Id.* ¶ 2.) Accordingly, defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim, or, in the alternative, for Summary Judgment pursuant to Rule 56. For the reasons set forth below, the Court GRANTS defendant's Motion to Dismiss and DENIES defendant's motion for summary judgment as moot.

## ANALYSIS

Defendant brings this Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim, the Court must accept all well-pleaded allegations as true, construing them in the light most favorable to the plaintiff. *See Kalil v. Johanns*, 407 F. Supp. 2d. 94, 96-97 (D.D.C. 2005); *Menkes v. Dept. of Homeland Sec.*, 402 F. Supp. 2d 204, 207 (D.D.C. 2005). Moreover, consistent with the leniency afforded *pro se* plaintiffs, the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gee v. District of Columbia*, No. 04-1797, 2005 WL 3276272, at *1 (D.D.C. Aug. 22, 2005).

In this case, because plaintiff's well-pleaded claims present neither a federal question nor are the parties diverse, this Court lacks subject matter jurisdiction and plaintiff's claims must be dismissed. First, plaintiff's wrongful termination claim does not arise under federal law, *see Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986), and, thus, does not provide this Court with federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]

Second, because plaintiff, a citizen of Maryland, is suing defendant in his capacity as Chairman of the Board of Trustees for UDC, and because the Board of Trustees of UDC is

---

[1] On May 26, 2006, plaintiff submitted a supplement to the parties' Joint LCvR 16.3(c) Report that included two exhibits upon which plaintiff had hand-written accusations of defamation. (Pl.'s Supp. Joint Report ¶ 1., Exs. 13, 14.) Even if this claim of defamation were well plead, it also arises under state law.

considered "an arm of the D.C. government," "D.C. is the real party in interest in this litigation." *See Krieger v. Trane Co.*, 765 F. Supp. 756, 761 (D.D.C. 1991). Thus, because the District of Columbia is treated like a state "when a person attempts to sue the District under the diversity statute in federal court," and because a state is not considered a citizen, this suit is not between "citizens of different States." *Long v. District of Columbia*, 820 F.2d 409, 413 (D.C. Cir. 1987) (*citing Postal Telegraph Cable Co. v. Ala.*, 155 U.S. 482, 487 (1894)). Also, plaintiff has failed to allege that the amount in controversy exceeds $75,000. Therefore, diversity jurisdiction does not exist under 28 U.S.C. § 1332(a).[2]

Accordingly, defendant's Motion to Dismiss is GRANTED and defendant's Motion for Summary Judgment is DENIED as moot. An appropriate Order will issue with this Memorandum Opinion.

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge

---

[2] Alternatively, plaintiff's claims must be dismissed because plaintiff concedes that she has failed to exhaust her administrative remedies pursuant to the District of Columbia's Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§1-601.01, *et seq*. (Compl. ¶ 4 ("I have not gone through an administrative remedy process.").) Only once the exclusive remedies of CMPA have been exhausted can a plaintiff bring her action as a "last resort." *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000).